# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**Kevin White,**

      **Plaintiff,**                               **Civil Action No.: 09-CV-12911**

      vs.                                **District Judge Bernard A. Friedman**

                                            **Magistrate Judge Mona K. Majzoub**

**City of Detroit, a municipal corporation,**
**Tommy Billings, Jeb Rutledge,**
**Art Matthews, St. Andrews Hall, St.**
**Andrews Society of Detroit Michigan**
**Holdings, LLC., Michigan Licenses, LLC.,**
**Urban Entertainment, LLC., and Mike**
**Danner, jointly and severally,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion for Enlargement of Time (docket no. 55) and Plaintiff's Motion for Sanctions, Including Default, for Failure to Obey Court Order to Fully Respond to Interrogatories and Request for Production of Documents (docket no. 56). Plaintiff responded to Defendants' Motion for Enlargement of Time (docket no. 57) and filed a supplemental response (docket no. 59). Defendants have not responded to Plaintiff's Motion for Sanctions. These matters have been referred to the undersigned. (Docket no. 58). The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and is now ready to issue this report and recommendation.[1]

---

[1] Because Plaintiff's Motion for Sanctions seeks default as a discovery sanction, the Court will recommend a disposition to the district court in lieu of issuing an Opinion and Order. *See Stevenson v. City of Detroit*, No. 11-14111, 2012 WL 1883282, at n1 (E.D. Mich., Mar. 30,

1

I.      **Recommendation**

Defendants have failed to respond to Plaintiff's discovery requests for over five months and have blatantly ignored the Court's order to do so.[2]  Through their Motion, Defendants request additional time to respond but have since missed their own self-imposed deadline.  Plaintiff objects to giving Defendants any additional time to answer the discovery requests and concurrently moves for sanctions against Defendants–including default.  The Court rejects defendants excuses for their repeated delays as insufficient to justify the neglect and finds that Plaintiff's request for sanctions in this matter is justified.   The Court, therefore, recommends that Defendants' Motion for Enlargement of Time be denied and that Plaintiff's Motion for Sanctions be granted.  Nevertheless, the Court recommends that Plaintiff's request for default as a sanction be denied and, instead, recommends that the court (1) bar Defendants from using in this matter any documents or information that should have been produced in response to Plaintiff's March 15, 2012 discovery request; (2) award Plaintiff's reasonable costs and attorneys fees incurred as a result of defendants failure to respond to Plaintiff's March 15, 2012 discovery request; and (3) warn Defendants that any

---

2012) (Michelson, M.J.).

[2]This is not the first time that Defendants' counsel, Marion R. Jenkins, has been admonished by courts in the Eastern District of Michigan or threatened with default for failure to comply with discovery requests or with the court orders.  *See, e.g.*, *Stevenson*, 2012 WL 1883282 (denying default as a sanction where Attorney Jenkins failed to comply with discovery requests); *Thomas v. Berry*, No. 10-10397 (E.D. Mich., July 28, 2010) (Rosen, J.) (granting Plaintiff's motion for sanctions where Attorney Jenkins argued that he did not know about the discovery order because it was inadvertently purged from his computer); *see also*, *Rogers v. City of Detroit*, No. 08-10314 (E.D. Mich., Oct. 16, 2008) (Rosen, J.) (denying sanctions where Attorney Jenkins violated a discovery order but Plaintiff filed for sanctions prematurely.

Additionally, this is not the Defendant City of Detroit's first time violating a discovery order imposed by this Court.  *See Mobley v. City of Detroit*, No. 10-10675 (E.D. Mich., Sept. 23, 2011) (Majzoub, M.J.).

further failure to comply with discovery requests or court orders in this matter may result in the entry of a default judgment as a sanction.

**II.     Report**

    **A.     Facts**

On March 25, 2012, Plaintiff served on Defendants Interrogatories and a Request for Production of Documents related to prior misidentifications of Defendant Matthews; the request included one question broken into 12 sub-parts. Defendants failed to respond, and after discussions between counsel, Plaintiff again served the discovery request on April 17, 2012. More discussions between counsel ensued, and on May 30, 2012, Plaintiff filed a Motion to Compel.[3] (Docket no. 49.) This Court ordered Defendants to respond to the Motion by June 8, 2012 (docket no. 51), but Defendants did not respond.

On June 27, 2012, Plaintiff filed a motion to adjourn the trial schedule (docket no. 52.), and on July 9, 2012, the court pushed the schedule back 11 weeks.[4] With no response from Defendants, on July 24, 2012, this Court entered a Text-Only Order ordering Defendants to "FULLY Respond to Plaintiff's 3/15/12 Interrogagories (sic) and Request for Production of Documents." (July 24, 2012 Text-Only Order (capitalization in original).) The Court also notified Defendants that "Sanctions [were] taken Under Advisement." (*Id.*)

Sixteen days later, on August 9, 2012, Defendants filed their Motion for Enlargement of Time to respond to Plaintiffs Interrogatories and Requests for Production of Documents under Rule 6(b). Defendants state that their response to Plaintiff's May 30, 2012 Motion to Compel "had been

---

[3] This was Plaintiff's third Motion to Compel in this matter.

[4] This was the fifth time that the court had to push back the schedule on this matter.

prepared but the response was not submitted [because] defense counsel's work load prevented a timely response to Plaintiff's discovery requests." (Defs.' Mot. at ¶ 2b.) Defendants also state that defense counsel would be unavailable during the week of August 13, 2012, and that Defendants "ask only for a short extension of time to August 22, 2012, to fully respond to Plaintiff's requests." (*Id.* at ¶ 2e.) As of August 27, 2012, when Plaintiff filed his supplemental briefs, Defendants had still failed to produce any response to Plaintiff's March 15, 2012 discovery request or the Court's July 24, 2012 Order.

    **B.**    **Standard**

        **1.**    **Extension of Time**

Federal Rule of Civil Procedure 6(b) allows the Court to extend the time to perform an act "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). "Excusable Neglect" is an elastic concept that includes "'both simple, faultless omissions to act and omissions caused by carelessness.'" *Johns v. Blue Cross Blue Shield of Michigan*, No. 08-12272, 2009 WL 910785, at *2 (E.D.Mich., Mar. 31, 2009) (Murphy, J.) (quoting *United States v. Thompson,* 82 F.3d 700, 702 (6th Cir.1996) (citing *Pioneer Investment Servs. Co. v. Brunswick Associates LP*, 507 U.S. 380, 388 (1993))). "'Although ignorance of the rules, or mistakes in construing the rules do not usually constitute "excusable" neglect,' extensions of time under Rule 6(b)(1)(B) are 'not limited strictly to omissions caused by circumstances beyond the control of the movant.'" *Id.* (quoting *Pioneer Investment*, 507 U.S. at 391-91). In *Nafziger v. McDermott Int'l. Inc.*, 467 F.3d 514 (6th Cir. 2006), the Sixth Circuit set out the test for determining excusable neglect:

> [T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Id.* at 522.

### 2. Sanctions

Rule 37(b)(2) provides that if a party disobeys a discovery order, the court may render a default judgment against the disobedient party. Fed.R.Civ.P. 37(b)(2)(A)(vi). The court may also "prohibit the disobedient party from . . . introducing designated matters in evidence." Fed.R.Civ.P. 37(b)(2)(A)(ii). Additionally, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed.R.Civ.P. 37(b)(2)(C).

The entry of a default judgment as a sanction for discovery abuse is a sanction of last resort and may be imposed only if the court concludes that the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990). Additional factors to consider are prejudice to the adversary party from the failure to cooperate, whether the defaulting party was warned that failure to cooperate could lead to default, and whether less drastic sanctions were considered. *Id.* Judgment by default is a drastic step appropriate only in the most extreme cases. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983).

### C. Analysis

#### 1. Defendant's Motion for Enlargement of Time

At the time Defendants filed their Motion, the Court would have found no prejudice to

5

Plaintiff in allowing Defendants until August 22, 2012, to answer Plaintiff's discovery requests. Indeed, the discovery at issue included one request for answers and documents related to the very narrow issue of whether Defendant Matthews had been previously misidentified by other patrons of St. Andrews Hall. Nevertheless, Defendants' self-imposed, August 22, 2012 deadline has passed, and Defendants have still failed to provide discovery responses. Further, Defendants' delay in responding to Plaintiff's discovery requests and their failure to respond to Plaintiff's Motion to Compel have caused the court to delay the proceedings for the fifth time; it is likely that Defendants' blatant disregard for this Court's July 24, 2012 Order may again delay trial.

More concerning to the Court, however, is Defendants' explanation for the delay. First, Defendants state that defense counsel did not file a response to Plaintiff's Motion as ordered by the Court because counsel's work load was too heavy–even though the response "had been prepared." Such an excuse *may* have justified a 16-day delay in filing the response itself, but it does not excuse the additional two-month delay (over five months in total) in responding to Plaintiff's discovery requests. Second, Defendants contend that defense counsel's unavailability during the week of August 13, 2012, is partly to blame for the delay. But the Court ordered Defendants to respond to Plaintiff's discovery requests within 10 days of its July 24, 2012 Order. Counsel's unavailability during the week of August 13 does not explain why Defendants' responses were unavailable before August 3.

While the Court finds little to no prejudice to Plaintiff if it were to grant Defendants' Motion, the Court does find that the effect of granting Defendants' motion would be to cause another delay by Defendants and would delay the judicial proceedings even further. Moreover, the Court finds that Defendants' excuses for the delay are insufficient to justify the delay, the delay was well within

Defendants' control, and Defendants have provided no good-faith reason for their failure to respond to Plaintiff's discovery requests in a timely manner or for ignoring the Court's Order. Therefore, the Court recommends that Defendants' Motion for Enlargement of Time be denied.

### 2. Plaintiff's Motion for Sanctions

Plaintiff requests sanctions against Defendants for Defendants' failure to respond to Plaintiff's March 15, 2012 discovery request and for violation of the Court's July 24 Order. As noted, Plaintiff's discovery request included a single question related to a very narrow issue. While Defendants' failure to comply with the Court's July 24 discovery order and Attorney Jenkin's repeated disregard for court Rules and policy are abhorrent, default as a sanction is not appropriate in this matter for this violation. If Plaintiff has been prejudiced by Defendants' failure to comply with the discovery request, it is in the form of time spent attempting to compel discovery and in the lack of knowledge related to the information that would have been disclosed.

Because any prejudice to Plaintiffs can be cured through lesser sanctions, the Court recommends that Plaintiff's Motion for Sanctions be granted in part but that Plaintiff's request for default be denied.

### D. Conclusion

For the above-stated reasons, the Court recommends that Defendants' Motion for Enlargement of Time be denied and that Plaintiff's Motion for Sanctions be granted in part. The Court further recommends that the district court (1) bar Defendants from using in this matter any documents or information that should have been produced in response to Plaintiff's March 15, 2012 discovery request; (2) award Plaintiff's reasonable costs and attorneys fees incurred as a result of Defendants failure to respond to Plaintiff's March 15, 2012 discovery request; and (3) warn

Defendants that any further failure to comply with discovery requests or court orders in this matter may result in the entry of a default judgment as a sanction.

### III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 11, 2012        s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**.

  I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: September 11, 2012      s/ Lisa C. Bartlett
                 Case Manager